PROB 12A
(Rev. 5/2011)

# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: Jeremy Mallard      Case Number: 3:00-00090-05

Name of Sentencing Judicial Officer: Honorable Thomas A. Wiseman Jr., Senior United States District Judge

Date of Original Sentence: May 15, 2001

Original Offense: 21 U.S.C. § 846 Conspiracy to Distribute/Possess With Intent to Distribute Cocaine; 18 U.S.C. § 2 Aiding and Abetting

Original Sentence: 292 months' incarceration and 5 years' supervised release

Type of Supervision: Supervised release      Date Supervision Commenced: December 23, 2010

Assistant U.S. Attorney: Sunny Koshy      Defense Attorney: Currently Pro Se

The Court orders:

☒ No Action Necessary at this Time, *Remain on Supervised Release.*
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this 15th day of July, 2013, and made a part of the records in the above case.

_____
Thomas A. Wiseman, Jr.
Senior U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Eric Illarmo
U.S. Probation Officer

Place      Nashville, TN

Date      July 10, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|

1. **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

    The defendant failed to notify the probation officer before changing his residence.

    On March 9, 2013, the probation officer visited the defendant's provided address of 630 Bell Road #141, Antioch, Tennessee. There was no answer at the door, and the probation officer left a business card. On March 18, 2013, the defendant was contacted by telephone. He stated he did not receive the card, and he could not explain why did not receive it. On March 19, 2013, the defendant reported to the office and admitted that he established a new residence with his girlfriend at 9530 Sanctuary Place, Brentwood, Tennessee. He stated he was hesitant to report his move, as he was unsure of its permanency. He stated he had been living at the residence for about one week.

2. **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

    The defendant failed to file a truthful and complete report for May 2013.

    The defendant submitted written reports for the month of May 2013 on June 6, and June 12, 2013. These reports were rejected by the probation officer because they were incomplete and lacked corroborating documentation. Mr. Mallard was instructed to complete a new report without omissions or estimations. I pointed out that the information needed to be accurate so I could prepare a report for the Court in relation to the defendant's motion for early termination. On June 20, 2013, the defendant submitted a complete report with attached documentation; however, the information provided was false, and the documentation was fraudulent.

    The defendant listed his employer as Shantell Pillow. Ms. Pillow was contacted by the probation officer, and she stated she has not been the defendant's employer since the Fall of 2012. Every monthly report from that time period until the report for May 2013 lists Shantell Pillow as his supervisor and/or employer. The defendant later admitted that he did not work for Ms. Pillow.

    The defendant listed his gross wages as $4,000, and he attached copies of checks made out to the defendant from Rightlane Transport LLC, totaling $5,250. The probation officer suspected the checks were fraudulent for the following reasons: the checks appeared to be written by the defendant; the checks were nearly sequential; and the dates on the checks did not coincide with the sequence of the check numbers.

    On June 25, 2013, the probation officer contacted the defendant about the submitted checks. He stated that the checks were real and that he cashed them. After further questioning, the defendant admitted that the checks were merely memorials of earlier payments received. He explained that he submitted the checks because had

not previously informed me that he no longer worked for Ms. Pillow, and he did not currently have a way to verify his employment. He stated submitted the checks because he believed they appeared legitimate. He denied any intent to deceive; however, it should be noted that when he signed his monthly report, he certified that all information furnished was complete and correct. The certificate also has a warning that any false statements may result in revocation or additional federal charges.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Jeremy Mallard began his term of supervision on December 23, 2010, and is currently scheduled to complete his term on December 22, 2015. He has not been arrested while on supervision and has not tested positive for the use of drugs. Between March 2011 and October 2012 the defendant failed to appear for scheduled drug tests a total of five times.

**U.S. Probation Officer Recommendation:**

It is recommended that the defendant be continued on supervised release with no further action taken at this time. This matter has been reported to a representative of the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer